# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 23, 2021

Lyle W. Cayce
Clerk

No. 20-60446
Summary Calendar

Claudia Vasquez-Rosales,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 997 328

Before Barksdale, Willett, and Duncan, *Circuit Judges*.

Per Curiam:*

Claudia Vasquez-Rosales, a native and citizen of Honduras, seeks review of the Board of Immigration Appeals' (BIA) dismissing her appeal of an Immigration Judge's (IJ) denying her application for asylum and withholding of removal. Vasquez contends the BIA erroneously concluded:

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

the harm she suffered did not constitute persecution; and she failed to establish she was, or would be, harmed because of membership in her asserted particular social group (PSG; one of three claimed to the IJ)—members of the Vasquez family. (She does not challenge, and has therefore abandoned, the BIA's conclusion she is ineligible for relief under the Convention Against Torture. *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004) (noting unbriefed challenges considered abandoned).)

In considering the BIA's decision (and the IJ's decision, to the extent it influenced the BIA), legal conclusions are reviewed *de novo*; factual findings, for substantial evidence. *Iruegas-Valdez v. Yates*, 846 F.3d 806, 810 (5th Cir. 2017). Under the substantial-evidence standard, reversal is improper unless "the evidence *compels* it". *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (emphasis in original) (citation omitted).

To qualify for asylum, applicant must establish, *inter alia*, either "past persecution", or a "well-founded fear of future persecution", based on one of five enumerated grounds, including membership in a particular social group. 8 C.F.R. § 208.13(b) (establishing asylum eligibility); 8 U.S.C. §§ 1101(a)(42)(A) (defining refugee), 1158(b)(1) (listing conditions for granting asylum). To qualify for withholding of removal, "applicant must demonstrate a clear probability of persecution upon return". *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004) (citation omitted). "Withholding of removal is a higher standard than asylum". *Id.* (citation omitted). Accordingly, an applicant who fails to meet the asylum standard cannot meet the withholding-of-removal standard. *Dayo v. Holder*, 687 F.3d 653, 658–59 (5th Cir. 2012).

Substantial evidence supports the BIA's conclusion that Vasquez did not suffer past persecution because the three threats she received: occurred over a short period of time; were not accompanied by physical violence; and

No. 20-60446

stopped after she moved to another part of the country. *See Gjetani v. Barr*, 968 F.3d 393, 395 (5th Cir. 2020) (noting asylum requires petitioner to demonstrate "systematic, sustained pattern of assaults or other acts of oppression—not individual or even a handful of assaults or threats"). Substantial evidence also supports the BIA's conclusion that the purpose of the threats was to persuade Vasquez to help dismiss criminal charges against the man (her partner and father of her child) who killed her daughter in the United States, because: Vasquez was first threatened after she refused to help; and no other members of her family were similarly threatened. The evidence, therefore, does not compel the conclusion Vasquez suffered, or would suffer, harm because of her family membership (her claimed PSG here). *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 492–93 (5th Cir. 2015) (concluding petitioner did not qualify for withholding of removal because petitioner failed to "demonstrate[] that no reasonable factfinder could conclude that she was not persecuted on account of her family membership").

Contrary to Vasquez' contention that eligibility for withholding of removal requires her to establish family membership was "a reason", as opposed to a "central reason", for her asserted persecution, an applicant pursuing withholding of removal must establish a protected ground, such as a particular social group, was, or would be, a "central reason" for persecution. *See Revencu v. Sessions*, 895 F.3d 396, 402–03 (5th Cir. 2018) (denying relief).

DENIED.